**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000380
21-MAR-2022
09:17 AM
Dkt. 79 SO**

NO. CAAP-18-0000380

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


PHH MORTGAGE CORPORATION, Plaintiff-Appellee,
v.
JOHN C. PATTERSON, FENNY J.M. PATTERSON, STATE OF HAWAII-
DEPARTMENT OF TAXATION, Defendants-Appellees,
and
ASSOCIATION OF APARTMENT OWNERS OF ELIMA LANI CONDOMINIUMS,
Defendant-Appellant,
and
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50,
DOE CORPORATIONS 1-50, DOE ENTITIES 1-50,
AND DOE GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-121K)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Association of Apartment Owners of

Elima Lani Condominiums (the **AOAO**) appeals from the April 4, 2018

Judgment (**Judgment**) entered by the Circuit Court of the Third

Circuit (**Circuit Court**).[1]  The AOAO also challenges, in part, the

---

[1]     The Honorable Robert D.S. Kim presided.

Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure entered by the Circuit Court on April 4, 2018 (**Foreclosure Decree**).

The AOAO raises two points of error on appeal, contending that the Circuit Court erred when it: (1) ordered that the AOAO's right to possess and collect rent from the subject property (**Property**) was extinguished upon the entry of the Foreclosure Decree and Judgment, and order the foreclosure commissioner (**Commissioner**) to take possession and control of the Property owned by the AOAO, including the collection and retention of rents; and (2) when it vested the Commissioner with legal and equitable title to the Property in the Foreclosure Decree.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the AOAO's points of error as follows:

We conclude that the Circuit Court did not err or abuse its discretion in ordering the Commissioner to take possession of and to manage, preserve, and sell the Property, including the collection of rents, because under Hawaiʻi law, a judgment entered on a foreclosure decree is a final determination of a foreclosed party's ownership interests in the subject property, notwithstanding that further proceedings are necessary to enforce

2

and otherwise effectuate the foreclosure decree and judgment. See Bank of New York Mellon v. Larrua, No. CAAP-17-0000904, 2022 WL 277671, at *1 (Haw. App. Jan. 31, 2022).

Regarding the vesting of title to the Property in the Commissioner, the Foreclosure Decree does not state that the title is *vested* in the Commissioner; rather, it states that the Commissioner shall *hold* legal and equitable title to the Property.  Thus, we cannot conclude that the Circuit Court erred by stating that the Commissioner was "vested" with legal and equitable title to the Property.  It appears that the Commissioner was simply ordered to temporarily "hold" the title, in conjunction with the Commissioner's role as the agent of the Circuit Court, in order to carry out the court's further orders set forth in the Foreclosure Decree.  However, we further conclude, even if the Foreclosure Decree could be construed as (erroneously) vesting title to the Property in the Commissioner, any such error was harmless.  See id.; see also U.S. Bank Trust v. Chinen, Nos. CAAP-18-0000486 and CAAP-18-0000963 (consolidated), 2022 WL 574511, *9 (Haw. App. Feb. 28, 2022).

For these reasons, the Circuit Court's April 4, 2018 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, March 21, 2022.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
R. Laree McGuire,
Jason K. Adaniya,                       /s/ Keith K. Hiraoka
(Porter McGuire Kiakona &               Associate Judge
 Chow, LLP),
for Defendant-Appellant.                /s/ Sonja M.P. McCullen
                                        Associate Judge
David B. Rosen,
David E. McAllister,
Justin S. Moyer,
(Aldridge Pite, LLP),
for Plaintiff-Appellee.